JOSH WOOTEN v. THE STATE.

No. 18239. Delivered April 29, 1936.

The opinion states the case.

*Glenn Capps,* of Mason, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, one year in the penitentiary.

The facts in this case are unusual. Appellant and one Estep had been hunting. They had with them in their car two rifles of .351 bore. On the night of this alleged offense Mr. Marschall with his wife and children were going from Mason to Menard. At a certain point on the road they observed the light of an automobile ahead of them being flipped off and on. They started to stop, but when they got near to the place they saw an automobile, close to which were two men, and they speeded up and went on by. When they were a hundred or so yards past they heart a shot, and a little later what they took to be a second shot. A bullet from one of these shots passed through their car but without striking any of them. When Marschall got to Menard he notified the sheriff, and with a party came back down the road to where they had observed the car mentioned. It was gone, but four empty .351 shells were lying on the ground near the tracks of the car. This point was not far from the home of Mrs. Harry Kinzie. The party with Mr. Marschall went on to Mason and there they found this appellant and Estep in front of a hotel. Marschall identified them as the men whom he had seen at the car at the place of the shooting. Mrs. Kinzie testified that appellant came to her house on the night in question with a bucket and a hose, saying that he and his companion had run out of gas. She said he was there for ten or fifteen minutes, and she told him she had no gas and he left. There is quite a bit of testimony in general supporting the proposition that one of the two men at the car had shot at the Marschall car or in that direction after the last mentioned car had passed. The State introduced in evi-

dence a statement made by the appellant before a justice of the peace in which he said that he and Estep had been hunting and were on their way home, and about four miles from Mason they ran out of gas. He said that neither he nor Mr. Estep had fired their guns from the time they left Junction until they got to Mason. He said their guns were both .351 Winchester rifles. No testimony was introduced in behalf of the appellant.

The court charged on assault to murder with and without malice, and gave to the jury a general charge on the subject of principals. Appellant requested three special charges, in two of which he asked that the jury be told that even though they find he was present at the time and place of the alleged shooting, before they could find him guilty they must believe beyond a reasonable doubt either that he fired a shot at Mr. Marschall with intent to murder him, or else, acting together with another, aided or assisted or did some part in the firing of said gun; and that if the jury believe that appellant was present, but do not find from the evidence that he fired the shot, or that he acted together with some other person in the firing of the shot at said Marschall, or if they had a reasonable doubt of such fact, they should find him not guilty. In another special charge appellant sought to have the jury told that before they could convict him they would have to find and believe from the evidence, beyond a reasonable doubt, that at the time of the alleged commission of the offense charged appellant was not only present but was acting together with some other person or persons, and doing some part in the common design, aiding or assisting in the offense charged; and that before they could find him guilty they must believe beyond a reasonable doubt that knowing the unlawful intent of the party who was with him, he aided or acted with such other party in the commission of the offense. The court refused both these special charges, and nowhere in his charge did he submit to the jury the defensive features, or what might be termed such, in connection with a charge on the law of principals. Such refusal on the part of the trial judge was error.

It would appear plain that if appellant had been present at the time and place of the shooting, yet if he was not the one who fired the shot, and if he did not aid or advise the person actually firing the shot, he would not be guilty as a principal.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*